AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>Zelma Sugey BETANCOURT-Ayala (1992/MEX)<br><br>_Defendant(s)_ | ) ) ) ) ) ) ) ) | Case No. M-23-1904-M |

United States Courts
Southern District of Texas
FILED

_October 31, 2023_

Nathan Ochsner, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 30, 2023__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 952 | Illegal Importation of a Controlled Substance / Approximately 3.12 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Complaint authorized by: AUSA Alexa Parcell

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: __10/30/2023  6:52 PM__

City and state: __McAllen, Texas__

/s/ Jesus Cuellar
_Complainant's signature_

Jesus Cuellar, HSI Task Force Officer
_Printed name and title_

_Judge's signature_

U.S. Magistrate Judge Nadia S. Medrano
_Printed name and title_

## "ATTACHMENT A"

I, Jesus Cuellar, am a Task Force Officer for the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On October 30, 2023, Zela Sugey BETANCOURT-Ayala (BETANCOURT-Ayala) attempted to enter the United States through the Pharr, Texas Port of Entry operating a 2008 Saturn VUE XR bearing a Mexican registration.

2. During primary inbound inspection, CBPOs obtained a negative oral declaration for fruits, food, alcohol, tobacco, drugs, weapons and currency over $10,000.00 from BETANCOURT-Ayala. BETANCOURT-Ayala provided a tourist visa as an entry document for identification. CBP Officers referred BETANCOURT-Ayala and the vehicle to secondary inspection for further examination.

3. In secondary, CBP Officers conducted an X-Ray examination on the vehicle and the Operator observed anomalies within the battery. CBP Officers inspected the battery and discovered what appeared to be packages. One (1) package was probed, and a white powdery substance was extracted which field tested positive for the properties of cocaine. Further inspection resulted in the discovery of three (3) packages concealed within the battery with a combined weight of approximately three point twelve (3.12) kilograms.

4. Homeland Security Investigation Task Force Officer (HSI TFO) advised BETANCOURT-Ayala of her Miranda warnings in the Spanish language, which she stated she understood and waived in writing.

5. In a post Miranda interview, BETANCOURT-Ayala stated that she is the registered owner of the vehicle she was driving. BETANCOURT-Ayala stated that the vehicle was purchased for her by an individual in Reynosa, Mexico. BETANCOURT-Ayala stated that she was initially told that she was going to be smuggling currency from Mexico into the United States but later was told that she was smuggling narcotics. BETANCOURT-Ayala stated that she had knowledge that she was smuggling narcotics. BETANCOURT-Ayala stated that she gets paid between $400-1,000 dollars for each successful smuggling attempt.